IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARMANDO P. RODRIGUEZ,

                                                ORDER

                Petitioner,

                                                10-cv-355-bbc

    v.

JUDY SMITH,

              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      After pleading no contest to third degree sexual assault, petitioner Armando Rodriguez was convicted and sentenced to prison in 2008. The Wisconsin Court of Appeals affirmed the conviction and sentence in November 2009; the Wisconsin Supreme Court denied review in April 2010. Now petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He has paid the $5 filing fee.

      Under Rule 4 of the Rules Governing Section 2254 Cases, I must dismiss the petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Because petitioner has not alleged enough facts to enable me to make that determination, I will give him an opportunity to file an amended petition.

      Petitioner lists eight grounds for challenging his conviction: (1) "ineffective assistance

1

of trial counsel"; (2) "language difficulty"; (3) "constitutional right to an interpreter at all court proceedings"; (4) "a new counsel"; (5) "ineffective assistance of appellate counsel"; (6) "the trial court failed and erred"; (7) "the PSI is inaccurate" ; and (8) "Wisconsin Court of Appeals failed to address two issues addressed by the defendant."  These claims have multiple problems in their present form.  Some of the grounds seem to overlap with others, such as "language difficulty" and "constitutional right to an interpreter."  Others do not identify potential constitutional violations, such as "Wisconsin Court of Appeals failed to address two issues addressed by the defendant."

A problem with almost all of the claims is that petitioner does not include enough facts to determine what the specific constitutional deficiency is; he simply lists a number of words and phrases below each identified ground.  Some of these phrases hint at a constitutional claim, such as "advising to plead" under "ineffective assistance of trial counsel."  However, others have no apparent connection to a potential claim, such as "statement," "subpoena witness," "motion," "crime" and "decision." Petitions under § 2254 must "specify all the grounds for relief available to the petitioner" *and* "state the facts supporting each ground."  Rule 2(c) of the Rules Governing Section 2254 Cases.  Petitioner has failed to do this.

I will give petitioner an opportunity to file an amended petition that fixes these problems.  In addition, I will provide some guidance in this order regarding the information

that he should include.

## DISCUSSION

As a general matter, petitioner should be aware of the effect of his no contest plea. "It is well established that an unconditional plea of guilty operates as a waiver of all formal defects in the proceedings, including any constitutional violations that occurred before the plea was entered. A plea of no contest invokes the same waiver principle." Gomez v. Berge, 434 F.3d 940, 942-43 (7th Cir. 2006) (citations omitted). Thus, any challenge to his conviction must be premised on a showing that his plea is invalid. (Petitioner does not seem to be raising any challenges to the sentence he received.) "The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (internal quotations omitted). "A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea . . . [a] plea is knowing and intelligent when the defendant is competent, aware of the charges and advised by competent counsel." Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002)(internal citations omitted).

1. Ineffective assistance of trial counsel

A petitioner bringing a claim for ineffective assistance of counsel must show that his lawyer's representation was deficient and that the deficiency prejudiced the petitioner. Brown v. Finnan, 598 F.3d 416, 422 (7th Cir. 2010). In the context of a guilty or no contest plea, the prejudice requirement is satisfied if the petitioner shows "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty [or no contest] and would have insisted on going to trial." Hill, 474 U.S. at 59. This determination depends on whether absent the error, defendant's counsel would have changed his "recommendation as to the plea" which in turn depends on whether "the evidence likely would have changed the outcome of a trial." Id. See also Santos v. Kolb, 880 F.2d 941, 943 (7th Cir. 1989) ("A specific explanation of why the defendant alleges he would have gone to trial is required.").

To satisfy this standard in his amended petition, petitioner should include the following information, being as specific as possible:

- what petitioner believes his trial counsel did wrong;
- why petitioner believes his trial counsel acted unreasonably;
- whether petitioner would have pleaded no contest in the absence of trial counsel's alleged errors; and
- if petitioner would have pleaded not guilty, why he would have gone to trial, that is, why he believes he would have been better off going to trial than

4

pleading guilty.

2. "Language difficulty" and "constitutional right to an interpreter at all court proceedings"

I understand petitioner to be alleging that his plea was not knowing and voluntary because he did not have an interpreter at all times during the proceedings. In his amended petition, petitioner should include the following information:

- why he believes he needed an interpreter;
- during what proceedings he did not have an interpreter when he needed one;
- how the absence of an interpreter during those proceedings made his plea unknowing or involuntary or contributed to another potential constitutional violation.

3. New counsel

It is not clear what petitioner means by the phrase "new counsel." To the extent petitioner means to contend that his trial lawyer was ineffective, this claim is redundant. If petitioner means to allege that the trial court should have appointed a new lawyer for him at some point in the proceedings, he would have to show that "there [was] a demonstrated conflict of interests or counsel and defendant [we]re embroiled in an irreconcilable conflict that [wa]s so great that it resulted in a total lack of communication preventing an adequate defense."

5

United States v. Morris, 714 F.2d 669, 673 (7th Cir. 1983). Accordingly, if petitioner means to include a claim that the trial court should have appointed a new lawyer for him, he should include the following information in his amended petition:

- why he believes he should have received a new lawyer;

- whether he made a request to the trial court for a new lawyer;

- if he made such a request, at what point in the proceedings he made it;

- the trial court's response to any request he made for a new lawyer.

4. Ineffective assistance of appellate counsel

The appropriate standard for evaluating a claim of ineffective assistance of appellate counsel is the same standard for evaluating claims of ineffective trial counsel, which is whether counsel performed unreasonably and prejudiced the petitioner as a result. Winters v. Miller, 274 F.3d 1161, 1167 (7th Cir. 2001). Generally, the petitioner must show that appellate counsel abandoned "significant and obvious" issues that were "clearly stronger" than those he did present. Mason v. Hanks, 97 F.3d 887, 893 (7th Cir. 1996); Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986). The performance inquiry overlaps the prejudice inquiry, which requires the defendant to show that the omitted issue may have resulted in a reversal of the conviction or an order for a new trial. Mason, 97 F.3d at 893. In this case, it seems that petitioner's appellate counsel filed a "no merit" brief, so the question in this case is whether appellate counsel performed deficiently

6

by filing that brief or failing to raise other meritorious issues.

If petitioner wishes to include this claim in his amended petition, he should include the following information:

- what issues he believes his appellate counsel should have raised;
- why he believes that the omitted issue or issues may have resulted in a reversal of the conviction or an order for a new trial; and
- whether he raised the issue or issues in an opposition to the "no merit" brief.

5. "The trial court failed and erred"

It is impossible to tell what claim petitioner may be trying to raise. If he believes the trial court committed a constitutional error other than those covered by other claims, he must describe that error with specificity and explain why he believes the error requires a conclusion that he should be allowed to withdraw his plea.

6. "The PSI is inaccurate"

Petitioner does not have a constitutional right to an accurate presentence investigation. The question is whether an error in the investigation led to another error that violated the Constitution. Accordingly, if petitioner chooses to include this claim in his amended petition, he should include the following information:

- how he believes the presentence investigation was inaccurate;

- why he believes the error in the presentence investigation caused a violation of his constitutional rights.

7. "Wisconsin Court of Appeals failed to address two issues addressed by the defendant"

A court's failure to consider an argument might show that a petitioner should not be barred from bringing a claim for his failure to exhaust his state court remedies, but it is not a constitutional violation in and of itself. If petitioner believes that the court of appeals disregarded meritorious arguments he raised, he must identify what those arguments are.

ORDER

IT IS ORDERED that petitioner Armando Rodriguez may have until August 17, 2010 to file an amended petition that complies with this order. If petitioner fails to respond by that date, the clerk of court is directed to close the case.

Entered this 3d day of August, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

8