IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARMANDO P. RODRIGUEZ,

                                                ORDER

                Petitioner,

                                                10-cv-355-bbc

     v.

JUDY SMITH,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Armando Rodriguez has responded to this court's August 3, 2010 order directing him to file an amended petition under 28 U.S.C. § 2254 to more fully explain his claims. He includes six claims in his amended petition: (1) ineffective assistance of trial counsel; (2) failure to provide an interpreter; (3) failure to provide new counsel when petitioner became dissatisfied with his lawyer; (4) ineffective assistance of appellate counsel; (5) failure to conduct a hearing to determine whether petitioner needed an interpreter; and (6) "the PSI is inaccurate."

      The amended petition is much clearer and easier to understand than the original. Petitioner writes in complete sentences and identifies the alleged constitutional errors. However, he failed to comply with this court's instructions to "state the facts supporting

1

each ground" for relief, as required by Rule 2(c) of the Rules Governing Section 2254. In the August 3 order, I explained to petitioner that, because he pleaded no contest to the crime, "any challenge to his conviction must be premised on a showing that his plea" did not "represen[t] a voluntary and intelligent choice among the alternative courses of action open to" him. In addition, I discussed the elements of each of his claims and the factual showing that he must make for each of them. Unfortunately, petitioner has not done this for any of the claims in his petition.

For example, with respect to petitioner's claims for ineffective assistance of counsel, he simply lists a number of things that his lawyers did not do: "did not use DNA evidence", "fail[ed] to investigate the potential defense witnesses," "failed to file a motion to dismiss the case," "fail[ed] to review the defendant[']s] jail physical and mental history," among other things. He did not address many of this court's questions from the August 3 order, such as, "whether petitioner would have pleaded no contest in the absence of trial counsel's alleged errors" and "if petitioner would have pleaded not guilty, why he would have gone to trial, that is, why he believes he would have been better off going to trial than pleading guilty." Without that information, petitioner cannot prevail on his claims. Santos v. Kolb, 880 F.2d 941, 943 (7th Cir. 1989) ("A specific explanation of why the defendant alleges he would have gone to trial is required.").

With respect to petitioner's claim that he did not have an interpreter during certain

court proceedings, he misstates the law when he says that he had "a constitutional right to an interpreter at all court proceedings." Petitioner does not have an absolute right to an interpreter at all proceedings simply because he wants one. Rather, "the appointment of an interpreter as a constitutional matter is within the district court's discretion." United States v. Johnson, 248 F.3d 655, 664 (7th Cir. 2001). A defendant in a criminal proceeding may be denied due process when: (1) what is told him is incomprehensible; (2) the accuracy and scope of a translation at a hearing or trial is subject to grave doubt; (3) the nature of the proceeding is not explained to him in a manner designed to insure his full comprehension; or (4) a credible claim of incapacity to understand due to language difficulty is made and the court fails to review the evidence and make appropriate findings of fact. Id. In short, a criminal defendant must be able to understand the proceedings against him.

In this case, petitioner simply lists several instances in which he did not have an interpreter and says without explanation that he "is unable to comprehend English well." This seems contrary to the finding of the Wisconsin Court of Appeals, which noted that petitioner "indicate[d] that he preferred to speak in English" at "some of his court hearings." In any event, petitioner fails to explain what he did not understand at any of these hearings and he does not address the question from the August 3 order, which is "how the absence of an interpreter during those proceedings made his plea unknowing or involuntary or contributed to another potential constitutional violation."

3

Petitioner's remaining claims suffer from a similar defect. He does not allege any specific facts showing why the court should have appointed new counsel for him or how any inaccuracies in the presentence investigation report prejudiced him. Further, he does not dispute the court of appeals's observation that the trial court gave petitioner an opportunity to correct any errors in the report.

Petitioner has failed to cross the "threshold of plausibility" that is required before the state must answer the petitioner. <u>Harris v. McAdory</u>, 334 F.3d 665, 669 (7th Cir. 2003); <u>Dellenbach v. Hanks</u>, 76 F.3d 820, 822 (7th Cir. 1996). Accordingly, the petition must be denied.

ORDER

IT IS ORDERED that Armando Rodriguez's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED for petitioner's failure to show that he is in custody in violation of federal law. I decline to issue a certificate of appealability because jurists of reason would not debate the correctness of the determination that petitioner has failed to make out a claim. If petitioner wishes, he may ask a circuit judge to issue the certificate

pursuant to Fed. R. App. 22(b).

Entered this 7th day of September, 2010.

> BY THE COURT:
> /s/
> BARBARA B.  CRABB
> District Judge